Decided June 5, 1987

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

IN RE THE ESTATE OF          )    CIVIL ACTION NO. 85-216
                        )
                        )
RAMON DE CASTRO,          )        ORDER
                        )  RE: CORRECTION OF DECREE
        Deceased.     )     OF DISTRIBUTION
_____)

Basilisa Lieto who claims an interest in an asset of this estate has filed a motion pursuant to Com.R.Civ.P. 60(b). The motion presents procedural issues not normally encountered by such a motion.

### BACKGROUND

Ramon De Castro died in 1944 but there was never a probate of his intestate estate until this matter was filed in 1985. Not surprisingly, heirs of the deceased died in the interim.

Although the estate itself involves many heirs and other assets, the Court needs only to focus on one parcel of property, Lot No. 006 B 08, and the question as to who are the heirs of Jose C. Castro, a deceased son of Ramon De Castro.

The petition for letters of administration accurately reflected that Jose C. Castro was a son of Ramon De Castro and that the former was deceased at the time the petition for letters of administration was filed. The petition goes on to

list the children of Jose C. Castro as Fermina C. Palacios, Cornelio T. Castro, and Jose T. Castro. Basilisa Lieto was not listed as a daughter and was not served or given notice of the probate proceedings.

In due course, the Administrator filed a petition for final distribution. Lot No. 006 B 08 was designated to be distributed to the heirs of Jose C. Castro. However, at the hearing on the petition for final distribution, the Court was presented with a different situation. It was represented that Fermina C. Palacios, Cornelio T. Castro, and Jose T. Castro were the sole heirs of Jose C. Castro and since they had already executed a deed transferring their interests in Lot 006 B 08 to Blanco Vende Ltd., the Court was requested to distribute the lot directly to Blanco Vende Ltd., which it did on December 19, 1985.

Lieto's motion followed on December 19, 1986, just within the one year period allowed by the rule for a 60(b) attack based on "fraud ... misrepresentation, or other misconduct of an adverse party;".

### THE ISSUES

Lieto claims that she is a daughter of Jose C. Castro and she is a half sister to Cornelio T. Castro, Fermina C. Palacios, and Jose T. Castro. It is further claimed that these persons knew that she was an heir and purposedly avoided giving her notice of the probate through the Administrator of the estate, Thomas B. Castro. The relief she now requests is to

amend the decree of distribution to provide that Lot 006 B 08 be distributed to the heirs of Jose C. Castro.[1]

The Administrator has filed no opposition to the motion. His position is to simply get the matter resolved as soon as possible.

Blanco Vende's position is that Lieto was not a party to the proceeding and therefore Rule 60(b) is not an available remedy for her. It is asserted that Lieto would have to file a separate action.

All agree that there has been no probate of the estate of Jose C. Castro.

### DISCUSSION

One of the basic problems which must be recognized at the outset is the fact that Rule 60(b) is taken from the federal civil procedure rules and therefore probate matters, which are not framed as litigation and "party" proceedings, do not fit into the basic scope of the rule.

Leito claims to be an heir, wrongfully excluded from the list of persons to be notified during the probate proceedings.

---

[1] The initial motion of Lieto reflects a claim for interests in additional parcels, as well as a request to modify the decree so that Lieto is distributed a one-fourth undivided interest in the parcels. Other alternative forms of relief were also set forth. The supplemental brief of Lieto as well as statements made at the oral arguments have withdrawn all of these other requests and the court will consider only if it has authority to amend the decree to reflect that Lot 006 B 08 should be distributed to the heirs of Jose C. Castro. The court finds that Lieto has expressly waived any other claims she may have and only Lot 006 B 08 is in issue.

If she had filed an objection to the proposed distribution, she would, conceivably, then be able to avail herself of the rule because she is a "party" to the proceedings.

The problem of Lieto's motion is that it is based on 60(b)(3) but the relief requested is simply to correct an error in the decree of distribution. These are two different things.

It is concluded that Leito has no standing to bring the 60(b)(3) motion nor is the relief requested consistent with such a motion.

However, it is clear that the portion of the decree of distribution which by-passes and circumvents the probate of the estate of Jose C. Castro is a nullity.

On the death of a person, his or her assets devolve to the deceased's heirs if the decedent dies intestate. 8 CMC § 2922. However, this devolution is subject to probate proceedings which, inter alia, provide a procedure for the determination of heirs, marshalling of assets, and presentment and payment of creditor claims. To facilitate this procedure the Commonwealth Court has formulated probate rules pursuant to 8 CMC § 2923. These rules are subject, of course, to statutory direction such as time limitations on presentation of claims, 8 CMC § 2924; who is or is not to be considered heirs, 8 CMC §§ 2913, 2915, 2916, 2917, and 2918; and determination of the classifications of assets, 8 CMC §§ 2902 - 2911.

When real property is an asset of the estate of a decedent, a probate proceeding has an additional, and significant, purpose. The court's decree of distribution in the probate proceeding provides the missing link in the chain of title from the deceased to the heirs of the deceased.

In this case, since the estate of Jose C. Castro has never been probated, the title of Blanco Vende Ltd. in Lot 006 B 08 has no link with the title of Ramon De Castro except what can be discerned from the decree of distribution filed December 19, 1985. It appears to be conceded that Fermina C. Palacios, Cornelio T. Castro, and Jose T. Castro are the heirs of Jose C. Castro and they can transfer their interests to Blanco Vende Ltd. in the property since the land devolved to them on the death of Jose C. Castro. But, this does not mean the transferee has acquired complete title, free of claims of other heirs or creditors of the deceased. Nor does it mean that the transferee has attained marketable title because of the missing link in the chain of title and the potential claims that could be filed in a probate proceeding for Jose C. Castro.

Thus, it is to the advantage of both Blanco Vende Ltd. and Basilisa Lieto to have a probate of the estate of Jose C. Castro. It is only through such a proceeding that Lieto can have her claim as an heir fully explored and tested and a probate proceeding is the only way Blanco Vende Ltd. can be supplied the missing link in the chain of title from Ramon De Castro to the grantors in the deed upon which its title is derived.

33

If Lieto doesn't have standing to use Rule 60(b) and the remedy she requests is inconsistent with her motion, what is the solution so that the decree of distribution cannot be used as a bar to a subsequent probate proceeding filed for the estate of Jose C. Castro?

The Court concludes that the attempted circumvention of the probate of the estate of Jose C. Castro in the decree of distribution is not possible under the probate code and court rules and the court lacked jurisdiction to order otherwise.

The mistake and oversight is tantamount to a clerical error and the court will avail itself of Rule 60(a), Com.R.Civ.P. and will use this avenue to correct it.

Any person interested in the estate of a deceased can initiate a probate proceeding and with the decree of distribution corrected, it is to the benefit of all concerned to proceed as soon as possible to commence a probate proceeding for the estate of Jose C. Castro and let the chips fall where they may.

Accordingly, IT IS ORDERED that the decree of distribution entered December 19, 1985 is corrected to reflect that Lot 006 B 08 is distributed to the heirs of Jose C. Castro, Deceased.

Dated at Saipan, CM, this 5th day of June, 1987.

Robert A. Hefner, Chief Judge